### HARRIS et al. v. COMBS.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS.

Where an answer contained neither a general nor a special denial of a material allegation of the complaint, nor any statement of new matter constituting a defense or counterclaim, as required by Code Civ. Proc. § 500, and there was nothing in the answer to identify the goods referred to therein with those described in the complaint, plaintiff was entitled to judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. SALES (§ 435*)—BREACH OF WARRANTY—PLEADING.

In an action for the price of a suit, an answer attempting to plead breach of warranty as a defense or counterclaim was fatally defective, where it failed to state the grade or material of the suit which plaintiffs agreed to sell, or in what respects the suit delivered varied therefrom.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. § 435.*]

Appeal from Special Term, Nassau County.

Action by Herman D. Harris and another against Hamilton B. Combs. From an order denying plaintiffs' motion for judgment on the pleadings, they appeal. Reversed, and motion granted.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Lincoln B. Haskin, for appellants.

James L. Dowsey, for respondent.

BURR, J. This action was brought to recover the agreed price of one lady's suit, sold and delivered to the defendant. After the answer had been interposed, a motion was made for judgment on the pleadings. Code Civ. Proc. § 537. Although the notice does not in express terms state that the ground of such motion is that the pleading is frivolous, that was its manifest purpose and intent.

The motion should have been granted. The answer in this case contains neither a general nor a specific denial of any material allegation

of the complaint, nor any statement of any new matter constituting a defense or counterclaim. To be sufficient, an answer must contain either one or both. Code Civ. Proc. § 500. There is nothing in the answer to identify the suit therein referred to with that described in the complaint. It might have referred to something entirely different.

If the complaint and answer could be supposed to relate to the same subject-matter, the answer is fatally defective in pleading a breach of warranty either as a defense or a counterclaim. It fails to state what was the grade or material of the suit which the plaintiffs agreed to sell to the defendant, or in what respects the suit delivered varied therefrom. No facts, or even conclusions, respecting this are contained in the answer. At most it contains only an expression of opinion on the part of the defendant and his wife that the suit delivered was not of the grade or material agreed upon.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs of the motion and costs of the action. All concur.